## Commonwealth *v.* Rohanna, Appellant.

Argued March 13, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*R. Wallace Maxwell,* and *Waychoff, Maxwell & Waychoff,* for appellant.

*W. Bertram Waychoff,* District Attorney, with him *J. B. F. Rinehart,* for appellee.

OPINION BY ARNOLD, J., July 20, 1950:

Defendant, a resident of Pennsylvania, appeals from an order of support in favor of his former wife, Virginia H. Rohanna, to whom he was married in 1938.

The parties were then domiciled in West Virginia and they there lived together until 1946, when she was adjudged insane and committed to an asylum in that state.

In July, 1948, the defendant secured a Nevada divorce from her on the ground of her insanity, and the decree required him to pay $30.00 a month for her support until further order of the Nevada court.

The defendant then left Nevada and came to Waynesburg, Pennsylvania, and remarried.

The mother of Virginia H. Rohanna caused a warrant to be issued for the defendant to procure support for the first wife, who periodically came back to her mother, as on parole, and who was thereupon supported by her, in addition to the mother's contributions to her while she was in the asylum. The case was heard summarily by the quarter sessions,[1] which made an order against the defendant in the amount of $30.00 a month.

Appellant contends that the proceedings for support could not be entertained by the courts of Pennsylvania because the wife was not a resident thereof. In *Commonwealth ex rel. Sanders v. Sanders,* 111 Pa. Superior Ct. 202, 169 A. 470, it was pointed out that the only requirement of the Act of 1867, P. L. 78 (now supplied by §733

---

[1] Under §733 of The Penal Code, 18 PS §4733.

of The Penal Code, 18 PS §4733) is that the *husband* should be within the limits of this Commonwealth, and if he is, the residence of the wife is immaterial. To the same effect is *Commonwealth v. Husinka,* 127 Pa. Superior Ct. 360, 193 A. 380.

The court below therefore had jurisdiction in the proceedings. It is true that no state will *directly* enforce a duty to support created by the law of another state: *Commonwealth ex rel. Bucciarelli v. Bucciarelli,* 162 Pa. Superior Ct. 582, 60 A. 2d 554; Restatement, Conflict of Laws, §458. But the present proceeding is not brought *directly* to enforce a duty to support created by the law of Nevada or West Virginia, but is brought under the Pennsylvania statute.

The Commonwealth called the defendant to testify "as on cross-examination," and he was compelled so to do notwithstanding his objection. In a criminal or quasi-criminal proceeding, the defendant may not be called by the Commonwealth, as on cross-examination or otherwise, in violation of his constitutional privilege. It has even been held in a proceeding to recover a statutory fine or penalty that the defendant may take advantage of his constitutional privilege to refuse to give evidence against himself, and this though the action is brought on the civil side of the court: *Philadelphia v. Cline et al.,* 158 Pa. Superior Ct. 179, 44 A. 2d 610; 328 U. S. 848. See also *Commonwealth v. Tracey,* 137 Pa. Superior Ct. 221, 8 A. 2d 622. This requires a reversal. That the defendant had previously been sworn as a witness is of no moment, since he had not testified. It is the giving of evidence by the defendant, and not the taking of the oath as a witness, which effects a waiver of the privilege. *Commonwealth v. House,* 6 Pa. Superior Ct. 92, 107, merely rules that a defendant *having given evidence,* cannot thereafter assert the constitutional privilege in order to limit or defeat the cross-examination.

The last contention is that the Nevada divorce was entitled to full faith and credit in Pennsylvania. In this aspect the record is too meagre for us to determine the question, and since the case must go back for a retrial (which by stipulation could well be confined to the validity of the Nevada decree), we refrain from comment except to point out the helpful review by Judge LAUB of Erie County in *Grande v. Grande,* 55 D. & C. 647, and the cases of *Williams v. North Carolina (2),* 325 U. S. 226, and *Commonwealth ex rel. Esenwein v. Esenwein,* 153 Pa. Superior Ct. 69, 33 A. 2d 675, aff. 348 Pa. 455, 35 A. 2d 335; aff. 325 U. S. 279.

The order is reversed with a procedendo.