Commonwealth, Appellant, *v.* Hanzlik.

Argued December 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Morris Mindlin,* with him *Mindlin and Sigmon,* for appellant.

*John Watts Barrett, Jr.,* with him *Butterfield, Barrett & Joachim,* for appellees.

OPINION PER CURIAM, January 11, 1960:

This appeal was taken from the order of the Court of Quarter Sessions of Northampton County finding the defendants not guilty of violating an ordinance of the Township of Lower Saucon, a second class township of Northampton County. After the defendants had been found guilty of violating the ordinance by a justice of the peace, they petitioned the court of quarter sessions for an allowance of an appeal which was granted. The case was thereafter certified by the court of quarter sessions to the court of common pleas and subsequently certified by that court back to the court of quarter sessions. The court below, after a hearing de novo, entered an order of not guilty. The township solicitor took an appeal to this Court.

The Second Class Township Code of May 1, 1933, P. L. 103, by supplement of April 27, 1945, P. L. 319, §1, as subsequently amended, provides in §702, XLI, 53 PS §65741, for the adoption of ordinances and the procedure to be followed in their enforcement. There

is no provision for appeal except in cases raising the legality of the ordinance where appeal is allowed to the court of quarter sessions whose determination thereon "shall be conclusive." This is not such a case, but of course, we would not have jurisdiction if it were. Bell Appeal, 396 Pa. 592, 152 A. 2d 731 (1959).

Section 22 of the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, 42 PS §957 provides for removing the cause by writ of certiorari from before a justice of the peace to the court of common pleas. The section also provides "that the judgment of the court of common pleas shall be final on all proceedings removed as aforesaid, by said court [of common pleas], and no writ of error shall issue thereon."

The only way such case may be reviewed, therefore, is on narrow certiorari emanating from the Supreme Court. This Court cannot grant appellate review in such cases. Bell Appeal, supra.

This provision relates not only to ordinary civil proceedings in contract or tort, but also to actions to recover a penalty for the breach of a municipal ordinance prohibiting an act not a public offense or indictable. Mahanoy City Borough v. Wadlinger, 142 Pa. 308, 21 A. 823 (1891). Colwyn Borough v. Tarbotton, 1 Pa. Superior Ct. 179 (1896). It applies to alderman, magistrates and burgesses. See cases under 42 PS §957.

The Act of April 17, 1876, P. L. 29, as amended, 19 PS §1189, provides for appeals from the magistrates or courts not of record to the courts of quarter sessions in summary convictions, and to the courts of common pleas in suits for a penalty. It does not provide for appeals to the Supreme or Superior Courts.

Appeals from the orders of either the court of quarter sessions or the court of common pleas in reviewing judgments of the courts not of record "operates only as a certiorari." Commonwealth v. Climenti, 89 Pa.

Superior Ct. 195, 197 (1926); *Commonwealth v. Freedman,* 161 Pa. Superior Ct. 12, 15, 54 A. 2d 48 (1947). Under *Bell Appeal,* supra, 396 Pa. 592, 152 A. 2d 731 (1959), this Court does not have jurisdiction of such matters and its assumption of jurisdiction in prior cases of this nature was error.[1]

The action in this case brought against the defendant for violation of an ordinance was a suit for a penalty and it should have been appealed to the court of common pleas. *York v. Baynes,* 188 Pa. Superior Ct. 581, 149 A. 2d 681 (1959). However, this is not important here, for we have no jurisdiction to entertain appeals from either the court of common pleas in suits for penalties to enforce ordinances or the court of quarter sessions in summary proceedings. See cases cited above.

As stated by Mr. Justice McBride in his dissent in *Bell Appeal,* supra, pp. 637, 638, the Superior Court is powerless to review "the proceedings of the Courts of Quarter Sessions, including public road cases, liquor license cases, annexation cases, *appeals from justices,* criminal contempts, and all proceedings in the Municipal Court of Philadelphia County and the County Court of Allegheny County which are not specifically made appealable." (Emphasis supplied). This case is not specifically made appealable by statute, and we, therefore, have no jurisdiction of it.

It is certified to the Supreme Court.

---

[1] In *Pittsburgh v. Ruffner,* 134 Pa. Superior Ct. 192, 4 A. 2d 224 (1939), this Court believed that the Act of March 2, 1923, P. L. 3, gave it jurisdiction over an appeal from the County Court of Allegheny County taken from that court's order on an appeal from an alderman in a case involving the violation of an ordinance. This was error, as the Act of 1923 did not give all inclusive jurisdiction of this Court over appeals from the County Court of Allegheny County. See *Bell Appeal,* supra.