MAURICE A. LESCAULT *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF CUMBERLAND.

JULY 11, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of certiorari to review the decision of the zoning board of review of the town of Cumberland overruling the decision of the building inspector granting a permit for a trailer on a foundation to be used for a dwelling on land belonging to the petitioner. The writ was issued and pursuant thereto the records of the board are before us for our inspection.

On July 1, 1959 petitioner made application to the inspector of buildings for a permit to build a trailer dwelling on a foundation of concrete blocks on lot No. 1, assessors' plat No. 64, located at the corner of Beach Road and Club Drive in said town. The application was approved on the same day with the requirement that the trailer must have either a septic tank or a cesspool.

From this action of the building inspector, James A. Payne and Lucy E. Payne of 25 Club Drive duly appealed to the zoning board of review on the ground that to place a trailer on the property in question was a use not permitted in an Agricultural A district.

A hearing was held on August 12, 1959. While the record before us contains a petition signed by a considerable number of persons who opposed the location of a trailer dwelling on the lot in question, it does not appear that any testimony was taken. The board voted that the appeal be taken under advisement. At a later meeting of the board on September 9 it was voted, "That the Building Inspector be overruled in his decision whereby he granted a permit for a trailer at the corner of Beach Road and Club Drive on land belonging to Maurice Lescault. In as much as a trailer is

not a dwelling as contemplated under our Zoning Ordinance, and that this board grants Maurice Lescault time to April 1st A. D. 1960 to remove said trailer off this land."

The decision of the board contains a single ground, namely, that a trailer is not a dwelling as contemplated under the zoning ordinance. The board took a view of the location, but if it was of any aid in reaching a conclusion the decision does not show what it was and it is not proper for the court to speculate concerning it. *Del Toro* v. *Zoning Board of Review,* 82 R. I. 317; *Buckminster* v. *Zoning Board of Review,* 68 R. I. 515.

Since there is before us no transcript of evidence we must look to the petition, which is sworn to, for the facts in the case. It appears therefrom that the lot in question is in an area designated as Agricultural A; that upon receipt of a permit petitioner erected a trailer on a foundation attached to the land; that he now lives there with his family; that the wheels of the trailer were removed before placing it on the foundation; that it was connected with electricity and water services; and that a septic tank was installed permanently in the ground.

The petitioner alleges eight reasons for quashing the decision of the board but it is necessary to consider only two of them which, taken together, are in substance that the board erred in holding that the building erected by petitioner was not a dwelling as contemplated under the zoning ordinance.

As stated, the lot in question is in an Agricultural A district and under article I, sec. 10, paragraph 1, of the zoning ordinance any use is permitted therein which is permitted in a Residence A-A district. Under article I, sec. 2, par. 1, a permitted use in that district is "A detached building used as a dwelling not more than one family or one housekeeping unit on one lot."

Article 14, sec. 1, of the zoning ordinance gives the following definitions:

"Building —
"Any structure having a roof supported by columns or walls for the housing or enclosure of persons, animals or chattels."
"Dwelling, One Family —
"A detached building designed exclusively for occupancy by one family."
"Structure —
"Anything constructed or erected above ground which required location on the ground or attached to something having a location on the ground."

Under the definitions in the ordinance the trailer in the permit appears to be a building, a dwelling, and a structure. The zoning board of review asserts that the trailer is not a building as contemplated by the ordinance. The words "building," "dwelling" and "structure" are all words in ordinary use and each has a well-defined meaning. If it was in contemplation that these words were used with other than their usual connotation such meaning should have been given. We have said of a statute, and we think it is equally true of an ordinance, that where the language is clear and certain there is nothing left for interpretation. *Hathaway* v. *Hathaway*, 52 R. I. 39.

In the case of *In Re Willey*, 120 Vt. 359, the question was whether a house trailer attached to the land was a single family house under the zoning ordinance of the city of Montpelier. The land upon which the trailer was located was in a residential zone and was leased from the owner. This trailer was of metal and wood construction and was mounted on cinder blocks and 2 by 4 timbers. It was connected with the city sewer and water lines. It had two bedrooms, living room and bath. It could be rendered mobile by disconnecting the various utility connections, removing the cinder blocks and letting down the wheels. The court said at page 364, "Mr. Willey's house trailer was mobile when it was brought to the lot he had leased. But the essential facts are that it was built for human habitation, has all the attributes of a dwelling, was used as such, and

became fixed to the realty by various connections. The possibility of its future mobility might have been reduced by the use of a different foundation. But the question before us is not one of possible future use, but its actual use at the time the application was granted by the Board of Adjustment, and Mr. Slayton's appeal was taken." The court found no abuse of discretion by the Board of Adjustment which had held that the house trailer was a single family house under the city's zoning ordinance. See also *City of Sioux Falls* v. *Cleveland*, 75 S. D. 548, and *Corning* v. *Town of Ontario*, 204 Misc. 38.

In the last-cited case the zoning ordinance required that a one-story residential building in an A district should occupy a ground area of at least 900 square feet. The house trailer occupied an area less than that and for that reason relief was denied. For a discussion of the word "dwelling" see *Lower Merion Township* v. *Gallup*, 158 Pa. Sup. 572.

The respondent cites the case of *City of New Orleans* v. *Louviere*, 52 So.2d 751 (La. App.). In that case the court considered whether a trailer court operated in a residence A district was a commercial enterprise and found that it was. The case is not in point.

The respondent also cites *Town of Marblehead* v. *Gilbert*, 334 Mass. 602. This was a bill in equity to require the removal of an automobile trailer used for residence purposes by defendants from their land on the ground that it was used in violation of the ordinance. This trailer remained on wheels. The trial court ruled that the trailer was a portable house used for temporary camping purposes and that its presence in a single residence district was in violation of the zoning law. This case is of no assistance. The respondent appears to rely on *Cady* v. *City of Detroit*, 289 Mich. 499. This case concerns a trailer camp and does not touch the question before us.

After a careful consideration of the questions involved in the case at bar we are of the opinion that the petitioner's

trailer set on a foundation of concrete blocks is a one-family dwelling and is clearly within the requirements of the zoning ordinance. In all the circumstances the decision of the board was an abuse of its discretion.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified are ordered returned to the board.

*Roger A. Beauchemin,* for petitioner.

*Antonio S. Almeida,* Town Solicitor, for respondent.