Douglass Township *v.* Badman, Appellant.

Argued June 21, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*John R. Henry,* for appellant.

*Harold H. Prince,* with him *Prince & Prince,* for appellee.

*G. Thomas Miller,* for amicus curiae.

OPINION BY JACOBS, J., September 16, 1965:

In December, 1963, the supervisors of Douglass Township, a second class township of Montgomery

County, enacted an ordinance which required all mobile homes, as defined in the ordinance, thereafter brought into the township to locate within a mobile home park and prohibited the removal of the wheels from such mobile homes in the park. After the enactment of the ordinance the appellant moved a mobile home onto his own land in the township, removed the wheels, placed it on a permanent foundation and used the home as the family residence. Appellant was convicted in a summary proceeding before a justice of the peace on the charge of parking a mobile home on his property and removing the wheels therefrom and was fined under the ordinance's penalty provisions. An appeal was allowed to the Court of Common Pleas of Montgomery County which dismissed the appeal without hearing testimony and sustained the conviction.

A procedural matter deserves attention before we discuss the merits of the case. Upon an appeal from a summary conviction it is the duty of the court of common pleas or quarter sessions to find the appellant guilty or not guilty and, if guilty, impose sentence. *Commonwealth v. Miller,* 173 Pa. Superior Ct. 168, 96 A. 2d 153 (1953). Thus the lower court should have entered a judgment of sentence instead of merely sustaining the conviction before the justice of the peace, which is not a court of record. In light of our disposition of the case we will not reverse on this procedural point.

We now have jurisdiction to hear this appeal by virtue of the Act of August 14, 1963, P. L. 819, §1, 17 P.S. 184.1, extending our jurisdiction to appeals from orders of the common pleas and quarter sessions courts "which involve summary proceedings before aldermen, magistrates, or justices of the peace."[1]

---

[1] Prior to that act we did not have such jurisdiction. See *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959), and *Commonwealth v. Hanzlik,* 191 Pa. Superior Ct. 460, 157 A. 2d 97 (1960).

Appellant urges that his conviction cannot stand because the ordinance is unconstitutional. We need not decide the constitutionality of the ordinance in this case because we are of the opinion that appellant's home at the time he was arrested was no longer a "mobile home" as defined in the ordinance. For this reason the conviction must be reversed.

Mobile home is defined in the ordinance as "any *portable* structure or vehicle, titled or registered as a vehicle, so constructed and designed as to permit occupancy thereof for dwelling or sleeping purposes." (emphasis added) Since both appellant and appellee agree that appellant's home rests on a permanent foundation with the wheels detached, we fail to see how this home can qualify as a *"portable* structure or vehicle". "Portable" is defined in Webster's New Third International Dictionary as "capable of being carried; easily or conveniently transported . . ." The township has not proved that this home in its present state is a mobile, rather than a fixed, dwelling, and we will not attempt to stretch the definition of "mobile home" to cover the factual situation presented by this meager record.

Order reversed and appellant discharged.

WATKINS, J., dissents.