232 A.2d 393.

MILDRED MORIN *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF LINCOLN *et al.*

JULY 10, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

458

KELLEHER, J. This is a petition for certiorari to review the decision of the respondent board of review sustaining the decision of the building inspector which denied the petitioner's application for a building permit which, if granted, would allow her to locate a once mobile home or trailer on land zoned residential. The writ was issued and in compliance therewith the board has made due return of all its records pertaining to such application.

The zoning ordinance requires that all trailers or mobile homes, as defined in the ordinance, which are used as dwellings be located within a duly authorized trailer camp. The governing issue in this case is whether petitioner's mobile home has become so immobilized that, in its now converted state, it is no longer a mobile home but a single-family dwelling, which structure is authorized on the land in question.

The petitioner argues that the facts in this case are substantially the same as those in *Lescault* v. *Zoning Board of Review*, 91 R. I. 277, 162 A.2d 807. There we approved the issuance of a building permit to a person who had placed a trailer on a foundation of concrete blocks which were attached to the land; the trailer's wheels had been removed

and connections had been made to electrical and water services. Accordingly, we held that the trailer in fact was a one-family dwelling as that term was defined in the ordinance and its use conformed to the requirements of the ordinance.

The board acknowledges our holding in *Lescault* but states that there is nothing in the record to show that petitioner had removed the trailer's wheels; that the trailer had been placed on a foundation; that any connections had been made with either the utilities (other than electricty); or that the cesspool had been installed.

We have examined the instant record. It is obvious therefrom that in the town of Lincoln no verbatim transcript is kept of the testimony presented to the board. In the record we have two summaries of evidence produced at the hearing. One is the report made by the building inspector and the other bears the signature of a member of the board who identifies himself as the "Secretary protem." It is our belief that a fair reading of both these documents shows that the board was fully informed as to the manner in which the trailer had been affixed to the lot. The secretary's report shows that petitioner made the same argument before the board she makes before us—that her residence was no longer a mobile home. It also sets forth a series of questions asked of petitioner about the foundation, electrical connection and cesspool. The building inspector in his report states categorically that at the hearing petitioner said that the trailer was set on a foundation, "hooked" into a cesspool and that it was connected to the electricity. While the board opposes the issuance of a building permit to petitioner, it does not deny any of the allegations she has made as to how her mobile home is now attached to the real estate. In her petition for certiorari, petitioner specifically states that her mobile home has been set upon a foundation of cement blocks, its wheels having been removed; that she

lives there, and that her present abode is connected with electricity, telephone and water services. The respondent board not having filed an answer or special plea to the petition for certiorari, the allegations of fact which are contained therein are considered to be undisputed. *Kent v. Zoning Board of Review,* 102 R. I. 258, 229 A.2d 769; *Roberts v. Board of Elections,* 85 R. I. 203, 129 A.2d 330.

The denial of the instant permit was based upon the board's opinion that the facility currently occupied by petitioner was a trailer or mobile home as the same is defined in art. XIII, sec. 21, of the ordinance. This section reads as follows:

> "Trailer (or 'mobile home') — any vehicle or similar *portable* structure designed and constructed so as to permit the occupancy thereof as a dwelling by one or more persons and so designed and constructed that it is or may be mounted on wheels and used as a conveyance on a street or highway, propelled or drawn by its own or other motive power." (italics ours)

We disagree with the board's finding. We believe the key word in the above definition is "portable." The petitioner's once mobile home has lost its mobility. It rests on a permanent foundation with its wheels detached and is connected to various utility and sanitary services. "Portable" is defined in Webster's Third New International Dictionary as "capable of being carried: easily or conveniently transported * * *." The petitioner's dwelling in its present state is neither a vehicle nor a portable structure and therefore is not a "trailer" or "mobile home" as set forth in the ordinance. In *Douglass Township v. Badman,* 206 Pa. Super. 390, 213 A.2d 88, the Pennsylvania court on facts similar to the instant case reached the same conclusion as we do here.

In our opinion the petitioner's former mobile home is a "structure" and a "family unit or dwelling unit," as those

two terms are defined in the ordinance.[1] We can perceive no real difference between *Lescault* and the instant cause. We therefore feel that the petitioner is entitled to live undisturbed in the structure she currently occupies. (When she filed the instant petition, the board, its officers and agents were restrained from taking any proceedings to remove her dwelling pending our determination here.)

We note that her application for a permit requests that she be allowed to use part of her home as an "office." The record is completely barren of evidence that would show whether such a use would be allowed as a permissible accessory use under the provisions of the ordinance.[2] We therefore make no determination with regard to the proposed use of the petitioner's dwelling as an office.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified are ordered returned to the board with our direction to grant the permit which will allow the residential use of the petitioner's dwelling.

## ON MOTION FOR REARGUMENT.

### AUGUST 3, 1967.

PER CURIAM. After our decision in the above case was filed, the respondent board asked for and received permission to present a motion for leave to reargue. Pursuant thereto it has filed such a motion. From our consideration thereof we are informed, for the first time in these proceedings, that there are other valid grounds on which the denial of a permit could properly rest. In these circumstances we

---

[1]Article XIII, Sec. 1. "Structure—anything constructed which requires location on or attachment to the ground; includes buildings; does not include pavements and planting."

Article XIII, Sec. 12. "Family unit or Dwelling unit—a single housekeeping unit, having cooking, sleeping, and sanitary facilities, designed to be inhabited by a family or other related group."

[2]In Lincoln one may have a "professional office" in his dwelling without the necessity of seeking a special exception from the board of review.

believe that the mandate contained in our decision, which directed the issuance of a building permit, should be modified and it is hereby amended to read as follows:

"The petition for certiorari is granted, the decision of the respondent board is quashed and the records certified are ordered returned to the board with our decision endorsed thereon."

Our action here obviates the necessity for any reargument and the respondent board's motion is denied.

*Oster & Espo, Irving Espo,* for petitioner.

*Harry W. Asquith,* Town Solicitor, for respondent.