## Guerrieri License

*Joseph A. Quinn, Jr.*, for appellant.

*Raymond J. Sobota*, for Commonwealth.

SCHIFFMAN, J., October 31, 1968. — This is a petition to determine the propriety of the suspension of the petitioner's driving privileges for a period of 75 days. This suspension was based upon his having allegedly traveled in excess of the speed limit on Pennsylvania Highway Route 309 on March 16, 1968. His operating privileges were suspended for 15 days as a result of that offense. However, the alleged violation had an additional deleterious effect in that his license was suspended for an additional 60 days since his point

total under Pennsylvania's present point system amounted to more than 11 points, the minimum allowable without suspension: Section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §619.1.

Petitioner alleges various reasons in support of his request for the relief sought. However, under the most recent decision of our Superior Court upon this subject, i.e., Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, the only factor we may consider upon an appeal from a suspension under application of the Pennsylvania point system is whether petitioner is subject to suspension. That is, the Secretary of Revenue must have properly applied the mandatory provisions of the suspension statute and the points applicable must have been properly computed. This must be based upon properly submitted records of conviction received by the Department of Revenue from the appropriate magistrates and courts of record.

The burden is upon the Commonwealth to produce the records of convictions and the secretary's record compiled therefrom which justified the suspension. If these documents establish that the suspension was proper under the statute, then the Commonwealth will have established a prima facie case for suspension.

The only thing petitioner may do if he disputes the secretary's course of action is to show that he was not convicted or that the computation of points was incorrect. He may not attempt to show that he was improperly convicted as was previously permissible when the hearing upon the appeal before the court was de novo.

In the instant case, the Commonwealth attempted to establish the fact of conviction of the within speeding violation through testimony of the arresting officer.

He attempted to testify from his official police report as to the facts relating to the arrest as well as that defendant paid a fine and costs. The officer quite candidly admitted that the information contained upon his report with regard to the payment of fine and costs, was not based upon his personal knowledge, but upon information supplied by someone else. Such testimony therefore would be hearsay and clearly inadmissible. The court refused to accept this testimony and no further proof of the conviction was offered by the Commonwealth. The Commonwealth failed to make out a prima facie case in accordance with the rules laid down in the Virnelson case, supra.

The Commonwealth requested permission to call the petitioner as on cross-examination in order to establish the fact of conviction. The court refused to permit this in view of the quasicriminal nature of this type of proceeding and the prohibition against requiring a defendant to give witness against himself in such a proceeding. See Schwinger Appeal, 181 Pa. Superior Ct. 532; Commonwealth v. Rohanna, 167 Pa. Superior Ct. 338.

### FINDINGS OF FACT

The Commonwealth of Pennsylvania did not prove by competent evidence that petitioner was convicted nor that the computation of points applicable was correct.

### CONCLUSIONS OF LAW

The Commonwealth of Pennsylvania did not establish its burden of proving the correctness of the suspension of the operating privileges of Peter J. Guerrieri, petitioner herein.

In view of the Commonwealth's failure to comply with substantive requirements set out in the Virnelson case, we must grant the petition herein.

Accordingly, we enter the following

ORDER

Now, this October 31, 1968, at 3 p.m. (EST), the appeal of Peter J. Guerreri is sustained and the Order of the Pennsylvania Department of Revenue, suspending his operator's license, is reversed.