DECISION
This is an appeal from an April 6, 2000 decision of the Town of Westerly Zoning Board of Review (the Board). In its decision, the Board upheld the Cease and Desist Order issued by the zoning official, denying plaintiffs Rory H. and Jacqueline Oefinger (appellants) and their lessee the right to operate a methadone treatment facility on the subject property. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) §45-24-69.
Facts/Travel
The subject property, identified as Assessor's Plat 86, Lot 154, is located at 86 Beach Street, Westerly, Rhode Island. The property is zoned as P-15. This is a commercial zoning district intended for Professional/Office uses. On November 4, 1999, the appellants' lessee, the Center for Behavioral Health — Rhode Island, Inc. (CBH), opened a methadone treatment facility on the subject property. On November 12, 1999, the zoning official issued a Cease and Desist Order to the appellants and the CBH. The appellants appealed the zoning official's order to the Board.
On January 5, 2000 and March 1, 2000, the appellants, by and through their counsel, appeared before the Board on their appeal. Testimony was given by the zoning official and the appellants' witnesses, and documentary evidence was introduced. On March 1, 2000, the Board denied the appeal, and on April 6, 2000, the Board's decision was recorded in the Town's Land Evidence
Records.
On appeal, the appellants argue that, due to the nature of the services CBH provides to its patients, CBH is a professional medical use, and therefore its use is permitted as of right in a P-15 district. The appellants also argue that the Board's decision is erroneous and against the weight of the evidence. Lastly, the appellants contend that the Board's decision violates the Americans with Disabilities Act (ADA).
Standard of Review
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. § 45-24-69(d), which states:
 "(d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
(1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In reviewing the action of a zoning board of review, the trial justice "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings.'" Toohey v. Kilday,415 A.2d 732, 735 (R.I. 1980) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979); Apostolou v. Genovesi, 120 R.I. 501, 504, 388 A.2d 821, 824-25 (1978)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Apostolou at 825. Moreover, this court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (citations omitted)).
Discussion
According to the Westerly Zoning Ordinance (Ordinance), a P-15 (Professional/Office) "zoning district is intended to establish areas within which the Town encourages a concentration of professional office and related uses. . . ." Westerly Zoning Ordinance § 3.4(B)(1) (1998). A Professional Office is defined as ". . . a building or portion of a building wherein services are performed involving predominantly administrative, professional, or clerical operations." Id. at § 2.1. Under the standard use tables, "General Professional Offices (Including Medical, Legal, Accounting, engineering, architectural, insurance real estate)" are permitted in a P-15 district. Id. at § 4.2, G, 1.3 (emphasis added). The subject property is located in a P-15 district of the zoning ordinance. The abutters include physicians, dentists, acupuncturists and other health care facilities, which have been permitted by right in that zone. (Tr. 69-70.)
The appellants argue that CBH is a professional medical office, which is permitted by right within a P-15 district. The Board contends that CBH is a substance abuse facility, which is not permitted by right within a P-15 district. The articles of incorporation for CBH provide that its purpose is "[d]rug rehabilitation and any other lawful purpose." The Rhode Island Department of Mental Health, Retardation and Hospitals (MHRH) has granted CBH a license "to offer and provide: Narcotic Treatment Program." Pursuant to the MHRH Rules and Regulations for the Licensing of Substance Abuse Facilities (MHRH Rules), a "Narcotic Treatment Facility" is defined as "an organization that administers or dispenses a narcotic drug to a narcotic addict for maintenence or detoxification treatment, provides, when appropriate or necessary, a comprehensive range of medical and rehabilitative services. . . ." MHRH Rules § 1.27 (emphasis added). Similarly, a "Substance Abuse Facility" is defined as "a structurally distinct public or private health care establishment, institution or facility . . . known by such terms as . . . narcotic treatment facility, [etc.]. . . ." Id. at § 1.45 (emphasis added).
The Rhode Island Supreme Court has stated, "It is a well-settled principle in this jurisdiction that the rules of statutory construction apply equally to the construction of an ordinance." Mongony v. Bevilacqua, 432 A.2d 661, 663 (R.I. 1981) (citing Town of Warren v. Frost, 111 R.I. 217, 222, 301 A.2d 572, 573 (1973); Nunes v. Town of Bristol, 102 R.I. 729, 737, 232 A.2d 775, 780 (1967)).
The Court has also explained "that when the language of a statute or a zoning ordinance is clear and certain, there is nothing left for interpretation and the ordinance must be interpreted literally." Id. (citing Cranston Teachers' Association v. Cranston School Committee, R.I., 424 A.2d 648, 650 (1981); Lecault v. Zoning Board of Cumberland,91 R.I. 277, 280, 162 A.2d 807, 809 (1960)).
The Ordinance does not define a "professional medical office" or a "substance abuse facility." However, a primary rule of statutory interpretation provides that words should be given their ordinary and literal meanings. See Cocchini v. City of Providence, 479 A.2d 108, 111 (R.I. 1984). Accepting the Board's argument that CBH is a substance abuse facility, this Court looks to the appropriate state agency, which regulates substance abuse facilities, for an acceptable definition. The MHRH Rules describe substance abuse facilities as health care facilities. See MHRH Rules at § 1.45. In addition, substance abuse facilities are also known as narcotic treatment programs. Id. Thus, a narcotic treatment program can certainly be part of a health care facility, and a reasonable person understands "health care" and "medical care" to be virtually synonymous. Therefore, this Court finds that, pursuant to the MHRH Rules, CBH is a medical care facility.
Upon reviewing the entire record, it is clear that CBH provides professional medical services.
As such, this Court finds that CBH is a professional medical office entitled by right to operate in Westerly's P-15 district. Having determined that the substantial evidence in the record shows that the Board's decision is clearly erroneous, it is unnecessary for this Court to consider the appellants' assertion that the Board's decision also violates the ADA.
 Conclusion
After review of the entire record, this court finds that the decision by the Board to uphold the zoning official's order is clearly erroneous and is not supported by the reliable, substantial, and probative evidence in the record. Accordingly, the April 6, 2000 decision of the Board is reversed, and the cease and desist order is vacated.
Counsel shall submit the appropriate order for entry.