SCHAEFFER, et al. *v.* GATLING, et al.

No. 42169          February 19, 1962          137 So. 2d 819

*Prewitt & Bullard,* Vicksburg, for appellants.

*Oscar P. LaBarre,* Vicksburg, for appellee.

GILLESPIE, J.

James B. Schaeffer and his wife, defendants below and appellants here, acquired title on January 10, 1958, to Lots 7, 8 and 9, Dabney's Residential Subdivision located just outside the City of Vicksburg. The plat of said subdivision shows 27 lots, and at the time of trial about 12 residences had been constructed by the various owners of said lots. The subdivision was established in

1948 when the plat thereof was filed and when the original owner conveyed Lots 7, 8 and 9 to appellants' predecessors in title, the deeds contained the following restrictive covenants:

"AS PART of the consideration for the sale of said property to the vendee herein, the said vendee agrees that he will observe the following restrictions and covenants which are to run with the land:

"Said property is to be used strictly for residential purposes and is not to be used for automobile filling station, repair shop, tourist camp, bill boards, dance hall, store or for any other commercial or manufacturing purposes. No residences shall be erected on said land which shall cost less than $6,000.00, exclusive of outhouses or other buildings in connection with said residence, and the front of said residence, exclusive of any gallery or porch that may be attached to said building, shall be set back from the front, or Highway 61 line of said lot, not less than thirty-five (35) feet; nor is said lot, land or residence to be occupied by or sold to any persons other than members of the Caucasian race. These restrictions are to be binding for a period of twenty-five years."

After appellants purchased said lots they constructed a home on Lots 7 and 8 and have since lived thereon. During December 1960, appellants purchased for more than $6,000 a 55-foot Magnolia Mobile Home, commonly known as a house trailer, and moved it on Lot 9 adjacent to their home. Sewer, water and electrical installations were connected to the house trailer which contained three bedrooms and one and a half baths. The trailer was set back thirty-five feet from the front of the lot. After the house trailer was thus placed on said Lot 9 and established on concrete piers with the wheels of the trailer remaining thereon, the daughter and son-in-law and two grandchildren of appellants mov-

ed into the house trailer and have since made their home therein.

A number of the owners of other residences in said subdivision objected to said house trailer being placed upon Lot 9 and instituted this suit seeking a mandatory injunction requiring appellants to remove said house trailer from Lot 9. The lower court entered a decree requiring appellants to remove said house trailer within thirty days, and from that decree appellants perfected appeal to this Court.

The question is whether the use of said house trailer as a residence was prohibited by the restrictive covenants.

The house trailer is being used "strictly for residential purposes." The property is not being used for an automobile filling station, repair shop, tourist camp, bill boards, dance hall, store or any other commercial or manufacturing purpose. No prohibited use was shown. ██ █ Covenants of this kind should be fairly and reasonably construed and the language used will be read in the ordinary sense. Cf. Mandrop v. Harrell, 233 Miss. 679, 103 So. 2d 418. The entire instrument should be considered in ascertaining its meaning, but the restriction should not be extended by strained construction, especially when, as in this case, the restrictive covenants expressly permit the use being made of the land. ██ █ If the original owner of the subdivision had desired to prohibit the use of house trailers as residences, this could easily have been accomplished by designating house trailers as prohibited use, or by restricting architectural design, or by placing a minimum on the floor space for a residence, or by prohibiting temporary residences. None of these things were done.

In our opinion, there was no violation shown and the decree of the lower court should be and is reversed and judgment entered here for appellants.

Reversed and judgment here for appellants.

*McGehee, C. J.,* and *Kyle, Arrington,* and *Ethridge, JJ.,* concur.