531, the courts should not interfere with the exercise of this legislative function, even in doubtful cases. (See, also, 51 Ohio Jurisprudence 2d pp. 35 and 48.)

It appears, as counsel for the defendant has argued, that the Legislature has placed a severe and tight, but praiseworthy, limitation on the transfer of funds by a board of education out of the bond retirement fund.

It is the opinion of this court that the statutes involved in the instant case, namely, Sections 3311.06, 5705.14 and 5705.15, Revised Code, must be construed as laws *in pari materia,* and that accordingly, the sum of $90,008.20 received from the Sandusky City Board of Education, having been properly deposited in the bond retirement fund, any application for an order to transfer funds therefrom shall be brought pursuant to the provisions of Section 5705.14, Revised Code.

The court further finds that defendant's demurrer is well taken; that the petition fails to state a cause of action; and that the demurrer is hereby sustained.

The ruling on the demurrer, being dispositive of the issue before this court, further discussion would serve no useful purpose. Counsel for the defendant will prepare the appropriate entry.

YEAGER ET AL. *v.* CASSIDY.

252

(No. 52415—Decided July 18, 1969.)

Common Pleas Court of Scioto County.

*Mr. John W. Thatcher,* for plaintiffs.
*Mr. Richard L. Eisnaugle,* for defendant.

MARSHALL, J. The plaintiffs in their petition allege that they are owners of record of several lots in the E. T. Davis Subdivision of Washington Township, Scioto County, Ohio; that the subdivision was laid out by Edward T. Davis according to a general plan whereby uniform restrictions were imposed upon the lots sold by Mr. Davis, and that each of the deeds and other instruments of conveyance contain the following restrictive covenants:

"1. Said premises shall be used exclusively for residence purposes. There shall not be erected more than one private dwelling, with incidental or necessary outbuildings. Said dwelling shall be of not less than four rooms with a solid foundation, and cost not less than $5,000.00.

"2. No part of such dwelling, nor outbuilding, shall be erected on said premises within twenty (20) feet of the street, nor within five (5) feet of either side line of said premises.

"3. The several covenants and agreements hereinbefore contained shall run with the land hereby conveyed, and shall be binding upon the grantees, their successors and assigns."

It was stipulated and agreed that the defendant is the

purchaser of lot No. 4 of such subdivision by virtue of a land contract from Edward T. Davis and Jessie Davis, his wife, dated January 31, 1969, recorded in volume 444 at page 254 of the Record of Mortgages of Scioto County, Ohio; that the contract contained the foregoing restrictive covenants; that all of the lots in the subdivision sold up to the present time were conveyed subject to such restrictive covenants; except one lot owned by the plaintiffs, Everett E. Parker and Betty M. Parker; and that the defendant is the owner of a 1969 Mattercraft mobile home purchased March 17, 1969, which is located on lot No. 4.

Plaintiffs contend that the maintenance of the house trailer by the defendant on his lot is a violation of the restrictions and is in opposition to the overall plan of the subdivision; and ask this court to require the defendant to remove the same.

The sole issue to be resolved is whether the mobile home as it exists on defendant's lot is in violation of restriction number one (1) quoted above.

The evidence is undisputed with respect to the following, and the court finds:

The mobile home cost the defendant $5,500. He has expended the sum of $1,542.90 to date in constructing a concrete and block foundation, grading the site and installing a septic tank, water, gas and electric lines and drainage tile on the premises; and the plans for completion include the construction of concrete floored porches, ornamented by iron railings and roofed with aluminum awnings, opposite the front and rear doors, at an additional cost of $1,820, making a total cost of $8,862.90.

The mobile home has five rooms, including a bathroom, and underlying three sides of it is a block foundation erected upon a concrete footer, which foundation can be extended to the fourth side, and is capable of supporting the structure.

The court concludes that the requirements of the restrictive covenant relative to cost and the number of rooms have not been violated. The remaining question to be resolved is whether or not the mobile home, as placed upon

the lot, is in violation of the language of the covenant, to wit, "There shall not be erected more than one private dwelling with a solid foundation. * * *"

It is generally recognized that valid restrictions, not in contravention of public policy, will be enforced in accordance with their express provisions. They are to be interpreted according to the ordinary meaning of the words used therein, and are to be construed in the same manner as other written instruments. The Supreme Court of Ohio has held, however, that "Where the right to enforce a restriction contained in the conveyance as to the use of the property conveyed is doubtful all doubt shall be resolved in favor of the free use thereof for lawful purposes by the owner of the fee." *Hunt* v. *Held,* 90 Ohio St. 280. That court further stated in *Hitz* v. *Flower,* 104 Ohio St. 47, that the ordinary rules of construction are to be applied in interpreting restrictions and "The first and most fundamental of these rules of course is that of arriving at the intention of the parties * * *."

This case contains an extremely unusual facet in that E. T. Davis, the establisher of the subdivision, testified that in creating the restrictions, he did not intend to exclude mobile homes per se; that he did not consider the home of the defendant to be in violation of the restrictions he had imposed upon the lots in his subdivision; and that his purpose in making the restrictions was to prevent the erection of "shacks" and "outhouses" on the lots. Applying the rule of construction as set forth above, the statement of the subdividor that his restrictions were not intended to prevent the placing of suitable mobile homes on the lots, which do not violate any other provision of the restrictions, would appear dispositive of the issues herein. In addition, however, this court is of the opinion that the dwelling does not violate the express terms of the restriction. The language does not explicitly exclude a mobile home from the premises, and the terms *building, house* and other words of like import customarily employed are absent. A mobile home indisputably is within the meaning of *dwelling* which is defined in *Webster's Seventh*

*New Collegiate Dictionary* as "a building or other shelter in which people live." *Foundation* is defined in that work as "The basis upon which something stands or is supported; an underlying natural or prepared base or support." The foundation constructed by the defendant from concrete and block to support the dwelling meets the requirements of this test. It cannot be said that the defendant's dwelling is barred because the restriction uses the word *erected*; because Webster defines *erect* as "to put up by the fitting togethr of materials or parts; to fix in an upright position." The court finds, therefore, that the defendant has complied with that portion of the restriction requiring that there be *erected* on the lot not more than *one private dwelling* which is being used *exclusively for residence purposes.* As the Supreme Court of Mississippi in the case of *Schaeffer* v. *Gatling* (decided February 19, 1962), 243 Miss. 155, 137 So. 2d 819, stated with reference to a similar restrictive covenant: "If the original owner of the subdivision had desired to prohibit the use of house trailers as residences, this could easily have been accomplished by designating house trailer as a prohibited use, or by restricting architectural design, or by placing a minimum on the floor space for a residence, or by prohibiting temporary residences. None of these were done."

It is also worthy of note that, although no other house-trailers or mobile homes have been erected or placed upon any of the other lots in the E. T. Davis Subdivision, there are at least four on neighboring premises within view of the defendant's lot. In *Olberding* v. *Smith,* 34 Ohio Law Abs. 84, the court held, "Where lands have been conveyed with restrictive covenants limiting their use, and the character of the adjoining land with reference to those conveyed have so changed as to render the restriction in the conveyance inapplicable according to its true intent and spirit, equity will not interpose by injunction to prevent the breach of the covenant * * *."

The court is of the opinion that the issue evoked by these proceedings is of broad import and will probably become critical as the use of pre-fabricated and pre-built

structures becomes more prevalent. The only discovered reported case by an Ohio court on this question is that of *Swigart* v. *Richards*, 87 Ohio Law Abs. 37, decided by the Common Pleas Court of Licking County in 1961. The restrictive covenant involved in that case provided that "no building shall be erected or maintained upon any lot except one residence designed and used for occupation by a single family * * *." The court held that a house trailer is not a *building*, which, of course, distinguishes that decision from the conclusion arrived at here. The opinion of the court in the *Swigart case* evinces a considerable amount of research and, we think, properly concludes that, "In determining whether a given building violates the restrictive covenants in a deed, many factors such as dimensions, alterations, existing applicable legislation and court decisions, the particular restrictive covenant, apparent intent of the covenant, together with all facts and surrounding circumstances must be considered by the court."

It should be pointed out that in most situations, the restrictive covenants were imposed before the advent of the modern mobile home, and therefore, were not within the contemplation of the imposer of the restrictions. The courts must acknowledge that pre-built homes, mobile or otherwise, which in a given case may be more attractive in appearance and design than many conventional homes built completely on the site, are a part of our changing society, and give recognition to the fact that the law must be responsive to the best interests of those whom it is designed to serve. Unless such dwellings are expressly and explicitly excluded by the terms of a protective covenant, their use should not be enjoined, provided that in each case, the dwelling otherwise conforms to the spirit of the restriction.

It is the opinion of this court that the injunction prayed for should be, and hereby is, denied.

An entry may be prepared accordingly at plaintiffs' costs, saving exceptions.