256 So.2d 924 (1971)
Robert L. KEMP, Jr.
v.
LAKE SERENE PROPERTY OWNERS ASSOCIATION, INC.
No. 46452.
Supreme Court of Mississippi.
December 13, 1971.
Rehearing Denied January 31, 1972.
Hall, Callender & Dantin, Columbia, for appellant.
William E. Andrews, Jr., Purvis, for appellee.
INZER, Justice:
This is an appeal by Robert L. Kemp, Jr. from a decree of the Chancery Court of Lamar County enjoining him from maintaining and using a structure built by appellant on a lot owned by him because of an alleged violation of the protective covenants. We reverse and render.
Appellee, Lake Serene Property Owners Association, Inc., filed a bill of complaint against appellant alleging that all property located in Unit II of Lake Serene Subdivision was subject to protective covenants duly recorded and among such covenants were requirements that any dwelling structure to be constructed thereon should not be less than 1,000 square feet for a one story dwelling and that plans for the construction should be submitted and approved by the building committee.
The bill further alleged appellant was the owner of Lot 47 of said subdivision subject to the protective covenants, and he had submitted to and obtained approval of plans to construct a dwelling on his lot, but instead of building in accordance with such plans, appellant had placed a house trailer under an outer shell of the house. Appellee also alleged that it had requested appellant to remove the trailer, and he had refused to do so. The bill prayed that an injunction be issued requiring appellant to remove the trailer and that appellee be awarded damages.
Appellant answered and admitted he had submitted to and obtained the approval of the committee of plans to construct a dwelling on his lot. Appellant alleged that he was in the process of constructing the *925 dwelling in accordance with such plans and, in doing so, had placed therein a pre-constructed unit consisting of bedrooms, kitchen and bath and that he planned to finish the building in accordance with plans when this controversy arose.
The record in this case was made up by stipulation, no oral testimony was taken, and there is no conflict relative to the facts.
The chancellor did not render a written opinion, but the decree entered recites that appellant placed a mobile home inside of the structure and failed to complete the inside thereof in accordance with the floor plans submitted to and approved by the building committee, in direct violation of the provisions of paragraph 4 of the protective covenants. The decree enjoined appellant from the use and occupancy of the structure and premises until he removed said mobile home from the structure and completed the interior thereof in accordance with the floor plan submitted to and approved by the building committee. The decree awarded punitive damages to appellee in the amount of $350.
Appellant assigns as error (1) the trial court was in error in holding the protective covenants prohibited the use of a mobile home as a part of the dwelling he was constructing on his lot; and (2) the court was in error in awarding punitive damages. We are of the opinion that both assignments of error are well taken.
The protective covenants involved in the first assignment of error provide in pertinent part as follows:
3. LAND USE & BUILDING TYPE: No Lot shall be used except for the construction of a dwelling and appurtenant outbuildings, with the exception of Lots 12-19, which shall be reserved for commercial use.
4. DWELLING COST, QUALITY & SIZE: The ground floor of the main structure, exclusive of one-story open porches and garages, shall be not less than 1000 square feet for a one-story dwelling, nor less than 800 square feet for a dwelling of more than one story. Plans may be subject to approval by building committee. Water and sewage systems shall be approved by the County Health Department. Plans and specifications of all construction to be placed on said lands shall be submitted and filed with the building committee for its approval and permit.
Appellant submitted plans to the building committee which were approved. The plans as drawn and submitted consisted of three bedrooms, bath, kitchen, combination living and dining room, and storage room. The dimensions of the three bedrooms, bath and kitchen, were the exact dimensions of the mobile home, which, with wheels and tongue removed, was placed inside the building by appellant. Appellant was in the process of finishing the other part of the building in accordance with the plans when this suit was filed. When completed the building will conform to the plans submitted. Pictures are in the record which show the outside of the building is in accordance with the plans, and one looking at the outside of the building would not be aware that the mobile home was enclosed therein. Appellant argues there is nothing in the protective covenants prohibiting him in the construction of his dwelling to use a pre-packaged compartmented segment of the building. It is also argued that neither the protective covenants nor the plans and specifications approved have any requirement as to quality of construction and that when the inside of his dwelling is completed, it will be in substantial compliance with the plans and specifications and in accordance with the protective covenants.
On the other hand, appellee contends that the appellant did not advise the building committee that he intended to put a mobile home inside the shell structure, but merely submitted the floor plans and that appellant failed to comply with the plans.
*926 In Shaeffer v. Gatling, 243 Miss. 155, 137 So. 819 (1962), we set out the rule to be followed in construing restrictive covenants. The covenant construed there restricted the use of the property to strictly residential and prohibited its use for any commercial or manufacturing purposes. It further provided that no residences should be erected which would cost less than $6,000 exclusive of outhouses and other buildings in connection with the residence. Shaeffer placed a house trailer of a value in excess of $6,000 on his lot and had water, sewer, and electrical installations connected thereto. The trial court entered a decree requiring Shaeffer to remove the house trailer from his lot. In reversing and entering judgment here for Shaeffer, we said:
The house trailer is being used "strictly for residential purposes." The property is not being used for an automobile filling station, repair shop, tourist camp, bill boards, dance hall, store or any other commercial or manufacturing purpose. No prohibited use was shown. Covenants of this kind should be fairly and reasonably construed and the language used will be read in the ordinary sense. Cf. Mandrop v. Harrell, 233 Miss. 679, 103 So.2d 418. The entire instrument should be considered in ascertaining its meaning, but the restriction should not be extended by strained construction, especially when, as in this case, the restrictive covenants expressly permit the use being made of the land. If the original owner of the subdivision had desired to prohibit the use of house trailers as residences, this could easily have been accomplished by designating house trailers as prohibited use, or by restricting architectural design, or by placing a minimum on the floor space for a residence, or by prohibiting temporary residences. None of these things were done.
(243 Miss. at 159, 137 So.2d at 820).
In the case before us there is nothing in the protective covenants or the plans and specifications that prohibited appellant from installing prefabricated rooms within his dwelling and to prohibit him from doing so would be extending the terms of the covenants and certainly would be a strained construction. Generally, courts do not look with favor on restrictive covenants. Such covenants are subject more or less to a strict construction and in the case of ambiguity, construction is usually most strongly against the person seeking the restriction and in favor of the person being restricted. 20 Am.Jur., Covenants §§ 185-87.
It is undisputed in this case that when appellant finishes panelling the living room and dining room area, no one can detect that a mobile home was used as a part of the construction. It is likewise undisputed that the rooms will be the same dimensions as called for in the plans. It is clear that when appellant finishes the inside of the building, he will have constructed a dwelling on his lot that meets the requirements of the protective covenants and will be in accordance with the plans submitted to and approved by the committee. We are of the opinion there was no violation shown of the covenants or the plans. It follows that the trial court was also in error in awarding punitive damages. We again point out that a court of equity, as a general rule, will not assess punitive damages. In the absence of express statutory provisions authorizing assessment of punitive damages, it is not the function of the chancery court to award such damages. Brent v. Cox, 246 So.2d 552 (Miss. 1971); Monsanto v. Cochran, 254 Miss. 399, 180 So.2d 624 (1965); and the cases cited therein.
There being no violation of the protective covenants or the plans submitted to and approved by the committee shown, the decree of the trial court must be and is reversed and judgment entered here for appellant.
Reversed and rendered.
RODGERS, P.J., and JONES, BRADY and ROBERTSON, JJ., concur.