Herman J. HOLTMEYER, et al.,
Plaintiffs-Respondents,

v.

William D. ROSEMAN, et al.,
Defendants-Appellants.

No. 51902.

Missouri Court of Appeals,
Eastern District,
Division One.

May 12, 1987.

Motion for Rehearing and/or Transfer
Denied June 9, 1987.

Application to Transfer Denied
July 14, 1987.

Gael Davis Wood, Washington, for defendants-appellants.

Douglas L. Levine, Ferguson, for plaintiffs-respondents.

KELLY, Judge.

William D. Roseman and Evelyn J. Roseman, lot owners in a subdivision, appeal from an injunctive judgment of the Franklin County Circuit Court which enjoined appellants from additional construction on their mobile home and ordered them to remove said mobile home from the subdivision in which respondents reside.

Respondents, eight homeowners in Vee Cee Estates subdivision in Franklin County, brought this suit against appellants to enjoin them from allegedly violating the restrictive convenants of the subdivision. Appellants' deed, like those of all other property owners in Vee Cee Estates subdivision, contains the following restrictive covenants:

Restriction No. (5) "All residences erected or placed in said subdivision shall con-

tain a minimum of twelve hundred (1200) square feet, exclusive of porches, basements and garages."

Restriction No. (7) "No structure of a temporary character, trailer, basement, tent, shack, garage or other out building shall be used on any lot at any time as a residence either temporarily or permanently."

Restriction No. (9) "No junk cars, trucks, motor or mobile homes, or vehicles that are unlicensed or unoperational shall be kept or maintained on any lot in the subdivision."

The record shows that on May 4, 1985, appellants purchased the lot in question, and shortly thereafter, placed their mobile home on said lot. The mobile home is 12 feet wide, 10 feet long, and has a total living area of 840 feet. After the mobile home was moved onto appellants' property, appellants removed the wheels and axles and placed the home on concrete piers. Appellants then connected the home to utilities and to a septic tank.

On September 16, 1985, appellants applied to the Franklin County Building Commission to request a permit to construct a 480 square foot addition to the home, which would have then totaled 1,320 square feet of living space. The Building Commission issued the permit to appellants.

Before construction of the addition was commenced, respondent homeowners filed suit seeking to enjoin appellants from violating the restrictive covenants of the subdivision. After respondents' petition had been filed, appellants ceased further construction and improvements on their home, awaiting the trial court's decision on the pending lawsuit.

On April 14, 1986, the cause was tried to the court sitting without a jury. Following trial, the court took the matter under advisement and on July 10, 1986, the court entered its judgment enjoining appellants from further construction and ordering the removal of appellants' home.

We reverse the judgment of the trial court.

Respondents' petition attacked appellants' home as violative of 3 specific restrictive covenants contained in the Declaration of Restrictions of Vee Cee Estates. The first restriction in question reads as follows:

*"No structure of a temporary nature, trailer, basement, tent, shack, garage or other out building shall be used on any lot at any time as a residence either temporarily or permanently."* (emphasis added).

The crux of the issue here is whether appellants' mobile home is a structure of a temporary character or a trailer within the scope of the restrictive covenant. Appellants contend their mobile home is permanently used as their residence, and that a mobile home is to be distinguished from a trailer, especially when it has been modified or immobilized such as appellants' home.

■ Our research has not disclosed any Missouri cases with a similar fact pattern. The most analogous Missouri case is *Brasher v. Grove*, 551 S.W.2d 302 (Mo.App. 1977). We rely on *Brasher* to determine that the restrictive covenant at issue is not clearly and precisely stated, and will be strictly construed against the person seeking enforcement. The burden of proof is on the respondents to show that appellants' home is prohibited by the restrictive covenant.

■ In *Brasher, supra,* the plaintiff homeowners sought an injunction to require the defendants to remove certain units from defendants' lots which were located in the subdivision where plaintiffs reside. Plaintiffs sought this relief on the grounds that the defendants had violated the restrictive covenants of the subdivision. The defendants owned 5 units which were each 56 feet long and 10 feet wide, and were attached to sewer, water, and electrical facilities. The pertinent restrictive covenant reads as follows:

"No tents, trailers, or temporary buildings other than those used collateral to the construction of a permanent building shall be constructed on these lands."

The trial court granted the injunction and ordered defendants to remove the five

units. On appeal, the *Brasher* Court reversed the judgment of the trial court. The Court of Appeals acknowledged that there was no clear law in Missouri defining a trailer, but ultimately concluded:

> [t]hat the trial court was not justified in finding that the five units were 'trailers' within the meaning of the restriction.
>
> . . . .
>
> If the designer of Valley View Beach Subdivision had intended to ban structures of the units' type, appropriate language could have been employed. Building of metal exterior could have been banned, buildings having the shape or general external appearance of trailers could have been banned, but such was not done. This court has no authority to add to the restriction which were imposed.

*Id.* l.c. 306.

Although the fact pattern in *Brasher* is distinguishable from the case at bar, we conclude that the restrictive covenants in both cases are examples of imprecise draftsmanship. Here, had the scrivener intended to prohibit the placement of mobile homes on the lots in Vee Cee Estates, the language of the restriction could have been clearly and unambiguously stated so as to encompass appellants' home.[1] "Restrictive covenants will not be extended by implication to include anything not clearly expressed in them." *Vinyard v. St. Louis County*, 399 S.W.2d 99, 105[2] (Mo.1966).

Relying on *Vinyard*, we must now ascertain the precise ambit of the restrictive covenants as they relate to appellants' home.

A view of those cases outside of Missouri which have fully explored the issue appear to support the appellants' position that their home is not a structure of temporary character nor is it a trailer. The trend of authority in the past twenty years is toward a recognition of the increasingly important role mobile homes have come to play in providing housing for the citizens of this country. Size, design and appearance have been greatly improved over the trailers and mobile homes of the not-too-distant past.

Cases reflecting this discernible trend include: *North Cherokee Village Membership v. Murphy*, 71 Mich.App. 592, 248 N.W.2d 629 (1976); *Smith v. DeVincent*, 322 So.2d 257 (La.App.1975); *Hussey v. Ray*, 462 S.W.2d 45 (Tex.Civ.App.1970); *Yeager v. Cassidy*, 20 Ohio Misc. 251, 253 N.E.2d 320 (1969); *Douglas Township v. Badman*, 206 Pa.Super. 390, 213 A.2d 88 (1965); *Morin v. Zoning Board, Town of Lincoln*, 102 R.I. 457, 232 A.2d 393 (1967); and *Manley v. Draper*, 44 Misc.2d 613, 254 N.Y.S.2d 739 (1963).

■ Our review of the above cases has led us to the conclusion that a mobile home and a trailer are distinct and different structures. In terms of size, cost, and utilization, the mobile home constitutes a vital form of permanent housing. The trailer, on the other hand, constitutes a popular travel or recreational vehicle. We find that the mobile home in the present case was not a "trailer" or "a structure of a temporary character," and thus was not prohibited by the restrictive covenant at issue.

Appellants next contend that the trial court's determination that appellants' home violated subdivision Restriction No. 9 was not supported by substantial evidence. Restriction No. 9 reads as follows:

> "No junk cars, trucks, motor or mobile homes, or vehicles that are unlicensed or

---

1. For an illustration of a restrictive covenant with prohibitory language sufficient to cover appellants' mobile home within its terms, *see* Shepard's Mobile Homes and Mobile Home Parks (1975 ed.), § 8.12, p. 152:

"No building except a private dwelling house shall be erected or permitted on the conveyed premises or any part thereof. No trailer or mobile home (regardless of its lack of mobility), tent, shack, stable, or barn shall be placed thereon except a shack, stable, or barn used as a necessary outbuilding, nor shall any structure of a temporary character be used at any time as a residence. The intent of this covenant is to restrict the use of the property to a private dwelling of a conventional nature, and to exclude all other structures except necessary outbuildings, whether or not permanently affixed to the land. This covenant shall not exclude prefabricated or modular homes of a conventional type, though not constructed on the premises.

unoperational shall be kept or maintained on any lot in the subdivision."

Appellants argue that each of the terms, cars, trucks, motor or mobile homes, is modified by the adjective "junk."

Respondents, on the other hand, contend that the scrivener intended to prohibit junk cars, and all other temporary vehicles, such as trucks, motor and mobile homes. If the language of the restriction is to be accorded respondents' interpretation, it could only mean that the scrivener intended to prohibit *all* trucks of every description, including vans, commercial vehicles and pickup trucks.

■ We do not believe it was the intent of the draftsman to exclude all trucks; likewise, all motor and mobile homes. Since the draftsman apparently did not intend to exclude all vehicles, the question arises which mobile homes, motor homes and trucks would be permissible.

■ We agree with appellants that the covenant here was obviously designed to prohibit the placing of any derelict vehicle, whether it be a car, truck, motor home or mobile home, in the subdivision. Since there is no evidence in the record to suggest that appellants' home is inferior, we conclude that appellants' home does not violate said restriction.

Appellants' final contention is that the trial court's determination that appellants' home violates Restriction No. 5 was not supported by substantial evidence. Restriction No. 5 reads as follows:

"All residences erected or *placed in* said subdivision shall contain a minimum of twelve hundred (1200) square feet exclusive of porches, basements and garages." (emphasis added).

Restriction No. 5 is simply a minimum size requirement. Appellants' home presently contains a total square living area of 840 square feet. Prior to the filing of this lawsuit, appellants applied for a permit to increase the total living area of their mobile home to 1,320 square feet. The record indicates that the appellants have ceased construction of their addition on their mo-

bile home, pending the result of this litigation.

■ The ultimate construction of the 480 square feet addition would increase the dimensions of the appellants' home to a total square living area of 1,320 square feet, which would exceed the minimum size requirement by 120 square feet. We find that respondents' contention that appellants have violated Restriction No. 5 is without merit.

We note that Restriction No. 5 supports appellants' position, in that the draftsman obviously did envision the placement of prefabricated or pre-built homes in Vee Cee Estates subdivision, in addition to the construction of frame-type homes. When considered with the other restrictions, the covenants were designed to exclude an influx of travel trailers of transients which would depreciate the value of the area for substantial permanent homes.

If respondents had intended to exclude the construction of all homes except those constructed in a particular manner, size, shape and cost, the restriction should have been specifically phrased so as to eliminate any ambiguity as to the type of construction not acceptable.

After a thorough review of the record, we conclude that the trial court's determination that appellants' home violated the restrictive covenants of Vee Cee Estates is not supported by substantial evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We reverse the judgment of the trial court.

SATZ, P.J., and CRIST, J., concur.