**Charles L. PEET, Appellant (Plaintiff),**

**v.**

**Alfred J. MELANI and Alfred J. Melani, as Trustee of the Alfred J. Melani and Elsie D. Melani Living Trust, Appellees (Defendants).**

**No. 91–250.**

Supreme Court of Wyoming.

April 20, 1992.

Rehearing Denied May 26, 1992.

Lawrence B. Hartnett, Jackson, for appellant.

Peter F. Moyer, Jackson, for appellees.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

CARDINE, Justice.

Charles L. Peet, appellant, sued his neighbor Alfred Melani, appellee, to enforce a restrictive covenant providing that "no house trailer, mobile home or other structure of a temporary character shall be placed upon any lot * * *." This appeal is from a summary judgment denying relief and dismissing Peet's complaint.

We affirm.

Appellant presents the following issue for our determination:

The trial court erred as a matter of law in its construction and interpretation of the intent of the Grantors as to the meaning and purpose of the restrictive covenants; or, in the alternative, the trial court erred in granting Appellee's motion for summary judgment without conducting an evidentiary hearing to determine, as a matter of law, whether entities oth-

er than "motor homes" were placed upon Appellee's property (*i.e.*, mobile homes and house trailers) in violation of the restrictive covenants.

Both Peet and Melani own residences in the Wheeler Subdivision in Teton County, Wyoming, which are subject to the restrictive covenants. Melani was 78 years of age at the time of filing this suit. Occasionally friends or family passing through the Jackson area in their motor homes park at Melani's residence and visit. Following the death of his wife, friends and family visited him during the fourth of July week in 1990. They parked their motor homes on his property, but were not hooked up to water or sewer, nor were they attached to the ground. Peet and Melani exchanged angry words over one of Peet's visitors, a 73–year–old lady fishing the Hoback River from a bridge. Thereafter, Peet filed this lawsuit.

Restrictive covenants are not favored. They are strictly construed in favor of the free use of land. *Kindler v. Anderson*, 433 P.2d 268, 271 (Wyo.1967). Such covenants will not be extended by implication to include anything not clearly expressed. *Holtmeyer v. Roseman*, 731 S.W.2d 484, 486 (Mo.App.1987). A motor home is not a "house trailer, mobile home or other structure * * * placed upon [a] lot." The words in the covenant, "placed upon [a] lot" indicate that the drafters of the covenant intended something more permanent and of greater duration than temporary parking of a motor home while visiting a friend. *See American Holidays, Inc. v. Foxtail Owners Ass'n*, 821 P.2d 577, 579 (Wyo. 1991); *Dawson v. Meike*, 508 P.2d 15, 18 (Wyo.1973) (in interpreting covenants, court seeks to determine the intent of the parties). The summary judgment in favor of Melani is, therefore,

Affirmed.