Mary E. TUCKER, Plaintiff–Appellant,

v.

Lauren H. WOLFE and Douglas S. Wolfe, Defendants–Appellees.

No. 97CA1446.

Colorado Court of Appeals, Div. III.

Oct. 29, 1998.

Mathis & Masters, L.L.C., Stephen M. Mathis, Montrose, Colorado, for Plaintiff-Appellant.

Weaver & Fitzhugh, Rodney E. Fitzhugh, Michael F. Deneen, Montrose, Colorado, for Defendants-Appellees.

Opinion by Judge DAVIDSON.

In this declaratory judgment action to determine the meaning and effect of a restrictive covenant in a deed, plaintiff, Mary E. Tucker, appeals from the trial court's summary judgment in favor of defendants, Lauren H. and Douglas S. Wolfe. We affirm.

Plaintiff, the original owner of the property, sold the land in 1981 subject to the following restriction:

> [A]t no time may the property described herein be used for a trailer park, nor may a trailer house be moved in or lived in on this property.

Defendants purchased the land in 1988 from subsequent owners. In April 1995, they subdivided the property into residential lots and recorded Covenants, Conditions, and Restrictions (restrictive covenants) prohibiting any "trailer, mobile or modular home or prefabricated home of any type" and requiring that dwellings erected there conform to the restrictive covenants.

It is undisputed that these restrictive covenants did not violate the deed restriction. However, because there were no buyers for the lots, defendants amended the restrictive covenants in September 1996, to allow double-wide mobile homes and manufactured housing subject to certain requirements (amended covenants).

The amended covenants require, *inter alia:*

> All dwellings must be of new materials and of a permanent nature constructed on site or procured from a manufactured housing or doublewide dealer built with a minimum of 2x12 pitch roof, utilizing a non-metallic siding, and shall be affixed to a permanent foundation.... Each residential structure shall contain at least 1,200 square feet of livable space, excluding garages, patios, porches and basements.

█ Any interested party under a deed may have determined any question of construction or validity arising under the deed and obtain a declaration of rights, status, or other legal relations thereunder. *See* §13–51–106, C.R.S.1998; *Toncray v. Dolan,* 197 Colo. 382, 593 P.2d 956 (1979). Plaintiff, as

the owner of a neighboring plot facing the property subject to the deed restriction, filed this action, seeking a declaration that the amended covenants violated the restrictive covenant in the deed because they would allow on the property buildings that were in effect trailer houses.

In response, defendants filed a motion for summary judgment, which the trial court granted. In its ruling, the court determined that neither a trailer house nor a trailer park would be in compliance with the amended covenants and, therefore, would not be allowed on the property. The court determined, however, as a matter of law, that certain double-wide mobile homes and manufactured housing, if built in conformity with the amended covenants, would not violate the deed restriction prohibiting trailer houses.

Summary judgment is to be granted only when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that no issue of material fact exists, and all doubts are to be resolved in favor of the nonmoving party. *Sender v. Powell*, 902 P.2d 947 (Colo. App.1995).

█ On appeal, plaintiff does not dispute that the issue to be determined is only one of law. Nor does she assert that there remain in dispute any material facts. She contends, however, that the trial court granted summary judgment to the wrong party. Specifically, she argues that the deed restriction prohibits a type of structure—a trailer house. She asserts that the term trailer house has a commonly understood meaning and double-wide mobile homes and manufactured housing clearly are prohibited because they, like trailer houses, may be transported on wheels and axles and are issued motor vehicle titles. Therefore, she asserts, regardless of what might be done to change their appearance or affix them permanently to the property, double-wide mobile homes and manufactured houses are still trailer houses. We disagree.

█ Covenants and deed restrictions are to be construed as a whole and interpreted according to their plain language, in view of their underlying purpose. *Wilson v. Gold-*

*man*, 699 P.2d 420 (Colo.App.1985). Any doubts as to the meaning of a restrictive covenant are to be resolved in favor of permitting free enjoyment and maximum use of the land and against the restriction. *Greenbrier–Cloverdale Homeowners Ass'n v. Baca*, 763 P.2d 1 (Colo.App.1988).

Here, the language of the deed expressly precludes placement of trailer houses on the property. The issue, then, is whether the term trailer house, by its commonly understood meaning, also prohibits double-wide mobile homes and manufactured housing constructed under the amended covenants which require "dwellings . . . of a permanent nature containing at least 1200 square feet." We conclude that it does not. To the contrary, we conclude that, because there are discernible differences in the structure and function of trailer houses and double-wide mobile homes and manufactured housing, the deed restriction against any "trailer house" does not apply to the double-wide mobile homes and manufactured housing described in the amended covenants.

Trailer houses, by definition, generally are considered temporary and transient. *Pagel v. Gisi*, 132 Colo. 181, 186, 286 P.2d 636, 638 (1955) (trailer house is defined as a "portable unit designed to be hauled from place to place by an automobile or truck"); *Webster's New Collegiate Dictionary* 555, 1238 (trailer and house trailer defined as an automobile drawn highway vehicle designed to serve wherever parked as a dwelling). They are structures mounted on wheels and axles and capable of being moved. A motor vehicle title is required to transport a trailer house on the highway. *See* §42–3–103, C.R.S.1998.

Thus, importantly, the primary function of a trailer house, according to its commonly understood meaning, is its mobility. Its use as a dwelling is secondary to its ability to be moved from place to place with ease. *See generally* Barr, *The Right to Sell the "Im"mobile Manufactured Home in Its Rent Controlled Space in the "Im"mobile Home Park: Valid Regulation or Unconstitutional Taking?*, 24 Urb. Law. 157 (1992) (tracing history of trailer house from its original use for vacation purposes to its use as temporary housing during the 1930's and comparing its

development to that of modern mobile homes and manufactured housing); Brown & Sellman, *Manufactured Housing: The Invalidity of the 'Mobility' Standard,* 19 Urb. Law. 367 (1987) (discussing cultural stereotypes against trailer housing because of its transient nature).

Plaintiff, in her reply brief, appears to concede that manufactured housing is not a temporary structure prohibited by the deed restriction. Nevertheless, she maintains that double-wide mobile homes are precluded because there is no discernible difference between double-wide mobile homes and trailer houses. We do not agree.

Numerous cases from other jurisdictions, on varying facts and circumstances, are split as to whether a mobile home, or a double-wide mobile home, is a temporary structure. *Compare Crews v. Moore,* 579 So.2d 1334 (Ala.1991) (mobile home is not temporary structure or trailer when made part of realty by affixing it to the ground); *North Cherokee Village Membership v. Murphy,* 71 Mich. App. 592, 248 N.W.2d 629 (1976) (double-wide mobile home permanently attached to land is not house trailer); *Yeager v. Cassidy,* 20 Ohio Misc. 251, 49 O.O.2d 410, 253 N.E.2d 320 (1969) (pre-built homes, mobile or otherwise, may be considered private dwellings built exclusively for residence purposes); *Hansman v. Oneida County,* 123 Wis.2d 511, 366 N.W.2d 901 (Wis.App.1985) (if no longer portable, building is not mobile home) *with Jones v. Beiber,* 251 Iowa 969, 103 N.W.2d 364 (1960) (despite removal of wheels and other changes, trailer house retains basic characteristic of being designed to be hauled); *Timmerman v. Gabriel,* 155 Mont. 294, 470 P.2d 528 (1970) (mobile home permanently attached to property violated restriction against trailers and temporary structures); *Parrish v. Flinn,* 925 P.2d 89 (Okla.App.1996) (even though owners had planned modifications to make mobile home permanent, it is considered temporary structure under restrictive covenant).

We note that, in those decisions which categorize mobile homes as temporary structures, the particular feature of a mobile home emphasized by each court is its movability. However, although we agree that, generally, mobile homes, like trailer houses, can be moved from place to place by another vehicle, we disagree that, based on this, a double-wide mobile home must be considered as a temporary structure.

Manufactured housing is constructed of units, built at a factory and transported to a housing site for assembly. At this site, the units are joined together and attached to a permanent foundation. Double-wide mobile homes may be erected in a similar fashion. *See* Barr, *supra* (discussing "set-up costs" of erecting a mobile home). Once attached to a permanent foundation, both are considered real property and any certificate of title issued by the motor vehicle department is required to be purged. *See* §38–29–112, C.R.S.1998; *Leader Federal Bank of Savings v. Saunders,* 929 P.2d 1343 (Colo.1997) (applying §38–29–112 to a double-wide mobile home).

Further, these forms of housing, although transported to a building site on wheels and axles, may, in appearance, be more similar to conventional housing than to trailer houses. *See* Barr, *supra* (typical size of new mobile home used as a dwelling is similar to that of a two-bedroom house); Milligan, *Property Law—Covenants—Restrictions Against Mobile Homes,* 55 Tenn. L.Rev. 543 (1988) (mobile homes today offer features and improvements that compare favorably with conventional housing of similar style and size); *Yeager v. Cassidy, supra* (prebuilt homes may be more attractive in appearance and design than conventional housing).

And, the primary function of double-wide mobile homes and manufactured housing is to provide a permanent dwelling place. Its mobility is secondary, relied on generally to transport it to its permanent location. *See* Barr, *supra* (as demand for mobile homes as a viable alternative to conventional housing increased, so did acceptance of mobile homes as permanent housing); Brown & Sellman, *supra* (only one to three percent of manufactured homes are moved other than from factory to permanent site); *cf.* §38–12–201.5(2), C.R.S.1998 (defining mobile home for purposes of Mobile Home Parks Act as a wheeled vehicle without motive power designed and commonly used for occupancy by

persons in temporary or permanent locations and capable of being drawn over public highways by another motor vehicle); §39–3.5–101(1.5), C.R.S.1998 (defining mobile home similarly under Tax Deferral for the Elderly Act); §38–29–102(6), C.R.S.1998 (defining manufactured housing as a preconstructed building unit or units without motive power designed and commonly used for residential occupancy by persons in either temporary or permanent locations, manufactured at a location other than the site of the completed home).

Thus, the fact that double-wide mobile homes and manufactured housing may be moved from the place of manufacture to a permanent location does not, of itself, render such housing synonymous with the term trailer house. *See* Brown & Sellman, *supra* (most unjustifiable and misunderstood misconception of mobile homes is that, by the mere fact of mobility, they cannot satisfy standards associated with traditional housing). To the contrary, the greater sense of permanency and residential character attributable to double-wide mobile homes and manufactured housing distinguishes them from the commonly understood meaning of trailer houses.

Turning to the deed restriction at issue here, we note that the amended covenants expressly require the dwellings in the development, whether double-wide mobile homes, manufactured housing, or conventional housing, to be of a permanent nature. The amended covenants further require these dwellings to be attached to a permanent foundation and to meet certain aesthetic requirements reflecting the residential character of the property. Trailer houses, because they are temporary, portable structures, would be precluded. Manufactured housing and double-wide mobile homes, built in conformity with the amended covenants, however, would be permanent structures. Therefore, the trial court correctly determined that they would not violate the deed restriction against trailer houses.

The judgment is affirmed.

Judge JONES and Judge RULAND concur.