LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Jason and Anna Kephart own a leasehold interest in the Madison County, *785 Mississippi subdivision of Northbay. The Northbay Property Owners Association (NPOA) is the homeowners’ association for the subdivision. Northbay is subject to a “Declaration of Covenant, Conditions!,] and Restriction” (the Declaration), as well as the Bylaws of NPOA (the Bylaws).
112. Article XIII, Section 13.02 of the Declaration allows homeowners to lease their properties for residential purposes when four conditions are met:
(i) the entire [djwelling and all the improvements on the [l]ot are leased, (ii) the term of the lease is at least six months, (iii) the lease otherwise complies with the rules and regulations adopted and promulgated from time to time by the Board of Directors, and (iv) the lease is subordinate and subject to [the] Declaration and is in writing.
¶ 3. Years prior to the Kepharts purchasing their leasehold, the Board of Directors of Northbay (the Board) adopted a resolution (the Resolution) that prohibited homeowners from renting or leasing their properties. Under Section 4.02 of the Declaration, the Board has the power “to do all acts and actions, except acts and actions which by law, this Declaration, the Charter, or the [Bylaws] may be exercised only by or are reserved only to the Members.” Additionally, this section granted the Board power “to create, establish!,] or approve policies or decision relating to the management and administration of [NPOA’s] affairs....”
¶ 4. While the Declaration gives the Board power to make rules and regulations, the power to amend the Declaration is reserved to the homeowners. Under Section 15.02:
“[The] Declaration may be amended, modified!,] and/or changed either (i) by the Declarant properly filing for record a Supplement prior to January 1, 1988, or (ii) by a Supplement properly filed if amended, modified!,] and/or changed prior to January 1, 2025, and thereafter by the Owners of at least 75% of the Lots. All such Supplements shall be subject to the approval of the District.”
Also, Article XI, Section 3 of the Bylaws provides that “no amendments of a material nature shall be made without the consent of fifty-one percent (51%) of the holders of a recorded first mortgage. An amendment to change any of the following would be considered as material: ... (x) Leasing of Residence except as set forth in Section 1 of Article XI.... ”
¶ 5. In August 2010, the Kepharts purchased a leasehold interest in Northbay. Despite notifications from NPOA that leasing the property was prohibited, the Kep-harts leased their property to Janelle Phillips. On October 27, 2011, NPOA brought suit against the Kepharts in Madison County Chancery Court. After the parties thoroughly briefed the issue and a hearing was held, the chancellor found that the Resolution prohibiting renting and leasing was valid and enforceable, and ordered the Kepharts to end the lease with Phillips.
¶ 6. The Kepharts now appeal arguing that the removal of the right to lease property requires an amendment to the Declaration, and therefore, the Board’s Resolution prohibiting renting and/or leasing is invalid.
STANDARD OF REVIEW
¶ 7. The Mississippi Supreme Court has held that “[questions concerning the construction of contracts are questions of law that are committed to the court rather than questions of fact committed to the fact[-]finder. Appellate courts review questions of law de novo.” Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So.2d 748, 751-52 (¶ 7) (Miss.2003) (internal citations omitted).
*786 DISCUSSION
¶ 8. Addressing restrictive covenants in Kemp v. Lake Serene Property Owners Ass’n, Inc., 256 So.2d 924 (Miss.1971), the Mississippi Supreme Court stated:
Generally, courts do not look with favor on restrictive covenants. Such covenants are subject more or less to a strict construction and[,] in the case of ambiguity, construction is usually most strongly against the person seeking the restriction and in favor of the person being restricted.
Id. at 926. Additionally, in Kinchen v. Layton, 457 So.2d 343, 346 (Miss.1984), the Court noted:
[Restrictive covenants] should be fairly and reasonably construed[,] and the language used will be read in the ordinary sense.... The entire instrument should be considered in ascertaining its meaning, but the restrictions should not be extended by strained construction, especially when, as in this case, the restrictive covenants expressly permit the use being made of the land.
(Quoting Schaeffer v. Gatling, 243 Miss. 155, 159, 137 So.2d 819, 820 (1962)). Restrictive covenants “are to be fairly and reasonably interpreted according to their apparent purpose.” Mendrop v. Harrell, 233 Miss. 679, 688, 103 So.2d 418, 422 (1958) (citations omitted).
¶ 9. Article XI, Section 3 of the Bylaws provides that “[a]n amendment to change any of the following would be considered as material: ... (x) Leasing of Residence except as set forth in Section 1 of Article XI.... ” Reading this language in the ordinary sense, it is apparent that the Bylaws consider changes to the leasing of residences to be a material change, and therefore, those material changes must be made by amendment. This same section also states that “no amendments of a material nature shall be made without the consent of fifty-one percent (51%) of the holders of a recorded first mortgage[.]”
¶ 10. Because ’ the Bylaws state that changes to the leasing of residences need to be made by amendment, it is clear that these changes could not be made by the Board through passing the Resolution. While the Board has the power to enact rules and regulations, those rules cannot involve rights that “may be exercised only by or are reserved only-to the Members.” We find that prohibiting the leasing of residences would be considered an amendment and not a rule. Because the right to amend the Declaration is “reserved only to the Members,” the Board did not have authority to enact the Resolution; therefore, the Resolution is void.
¶11. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ„ CONCUR. CARLTON, J., NOT PARTICIPATING.